# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7744 | **DATE** | 12/13/10 |
| **CASE TITLE** | Michael Mejia (#K-83133) vs. Pathros Ghosh, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to proceed *in forma pauperis* [#3] is denied, without prejudice. The plaintiff is directed to: (1) either submit a renewed i.f.p. petition that is certified by a trust fund officer and that includes copies of the plaintiff's prison trust fund ledgers showing his income for the six months preceding the filing of this action [that is, from June 6, 2010, through December 6, 2010], or pay the full statutory filing fee of $350.00; and (2) show good cause in writing why the complaint should not be dismissed on preliminary review pursuant to 28 U.S.C. § 1915A as time-barred. Failure to comply by January 14, 2011, will result in summary dismissal of this case. The plaintiff's motion to compel [#5] is granted; the clerk is directed to mail a copy of this order to the trust fund officer at the Stateville Correctional Center to ensure that the plaintiff is furnished with a copy of his trust fund statement.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

     The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs and by failing to respond to his ensuing grievances.

     The Clerk of Court has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with the rules of this court. An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, the plaintiff's i.f.p. petition is **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

incomplete. It is missing the signature page, is not certified, and does not include copies of the plaintiff's prison trust fund ledgers.

If the plaintiff wants to proceed with this lawsuit, he must submit a certified i.f.p. petition, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from June 6, 2010, through December 6, 2010]. The Clerk will provide the plaintiff with a blank i.f.p. application. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980). [In his motion to compel, the plaintiff indicates that correctional officials have refused to provide him with a print-out. Accordingly, a copy of this order will be mailed to the trust fund officer at the Stateville Correctional Center.]

In addition, the plaintiff is ordered to show good cause in writing why the complaint should not be summarily dismissed on preliminary review. Under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the factual allegations in the complaint as true, the court finds that the plaintiff's claim of inadequate medical care appears to be time-barred.

In Illinois, the statute of limitations for Section 1983 actions is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Here, the plaintiff is suing over the quality of his medical care in 2005, some five years ago.

Under 42 U.S.C. § 1997e(a), prisoners must exhaust administrative remedies prior to bringing suit regarding the conditions of their confinement. Because that statute makes exhaustion of administrative remedies a precondition to a prisoner's litigation under 42 U.S.C. § 1983, the statute of limitations is statutorily tolled while a prisoner pursues these remedies. *Johnson v. Rivera*, 272 F.3d 519, 521-22 (7th Cir. 2001); *see also* 735 ILCS § 5/13-216. However, the plaintiff cannot reasonably argue that he waited for four years for a response to his grievance before filing suit. Accordingly, any federal cause of action would seem to have expired. The plaintiff is therefore ordered to show good cause in writing why his medical claim should not be dismissed on preliminary review pursuant to 28 U.S.C. § 1915A as time-barred.

Furthermore, the plaintiff has no tenable separate cause of action against grievance officials. Illinois' statutory grievance procedures do not create a protected interest. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.
**(CONTINUED)**

**STATEMENT  (continued)**

1996).  Any right to a grievance is a procedural one, not substantive.  *Id.*  Officials' failure to process a prison grievance is therefore not actionable under Section 1983.  Consequently, the plaintiff's administrative due process claim is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A.

In sum, the plaintiff's motion to proceed *in forma pauperis* is denied, without prejudice.  The plaintiff is directed to:  (1) either submit a renewed i.f.p. petition that is certified by a trust fund officer and that includes copies of the plaintiff's prison trust fund ledgers showing his income for the six months preceding the filing of this action [that is, from June 6, 2010, through December 6, 2010] or, in the alternative, pay the full statutory filing fee of $350.00; and (2) show good cause in writing why his medical care claim should not be dismissed as time-barred. Failure to comply with these directives by January 14, 2011, will result in summary dismissal of this case.