Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7744 | **DATE** | 2/16/2011 |
| **CASE TITLE** | Michael Mejia (#K-83133) vs. Pathros Ghosh, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's renewed motion for leave to file *in forma pauperis* [#10] is granted. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Pontiac Correctional Center. However, the plaintiff's "motion to show cause" [#12] is denied and his objections [#11] are overruled. The plaintiff's remaining claim is dismissed on initial review pursuant to 28 U.S.C. § 1915A as untimely. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]

*/s/ Suzanne B. Conlon*

Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs in 2005-06 and by failing to respond to his ensuing grievances.

The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's renewed motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $7.09 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District **(CONTINUED)**

mjm

Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as a matter of law. Having considered the plaintiff's response to its show cause order, the court remains satisfied that the plaintiff's claim of inadequate medical care is time-barred.

As discussed in the court's prior order, the statute of limitations for Section 1983 actions in Illinois is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Here, the plaintiff is suing over the quality of his medical care in 2005 [he now clarifies until 2006], some five years ago.

Under 42 U.S.C. § 1997e(a), prisoners must exhaust administrative remedies prior to bringing suit regarding the conditions of their confinement. Because that statute makes exhaustion of administrative remedies a precondition to a prisoner's litigation under 42 U.S.C. § 1983, the statute of limitations is statutorily tolled while a prisoner pursues these remedies. *Johnson v. Rivera*, 272 F.3d 519, 521-22 (7th Cir. 2001); *see also* 735 ILCS § 5/13-216. The court recognizes that the Administrative Code provides no time guidelines. Nevertheless, prison officials' failure to respond to an inmate's grievances renders administrative remedies "unavailable" and excuses the prisoner from pursuing them further. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). The plaintiff is far too experienced and savvy a litigator to argue with any reasonableness that he waited for almost five years for a response to his grievance before initiating suit. The court finds that any federal cause of action has expired. Accordingly, the plaintiff's remaining claim is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A as time-barred.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4).

*[Signature: Suzanne B. Conlon]*